IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT L. WILCOX, <br> Plaintiff, | § <br> § <br> § |
| v. | § No. 3:14-CV-79-B (BF) |
| | § |
| CAROLYN W. COLVIN, Commissioner <br> of the Social Security Administration, <br> Defendant. | § <br> § <br> § <br> § |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this case has been referred to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court are Plaintiff Robert L. Wilcox's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* [D.E. 3] ("Motion for IFP"), Amended Motion for Leave to Proceed *In Forma Pauperis* [D.E. 8] ("Amended Motion for IFP"), and Second Motion for Leave to Proceed *In Forma Pauperis* [D.E. 10] ("Second Motion for IFP"). For the following reasons, the undersigned recommends that the Court **GRANT** Plaintiff's Second Motion for IFP [D.E. 10] and **DENY as moot** Plaintiff's Motion for IFP [D.E. 3] and Amended Motion for IFP [D.E. 8].

### DISCUSSION

On January 10, 2014, Plaintiff filed his Motion for IFP requesting that the Court to allow him to proceed *in forma pauperis* in this suit. *See* Mot. for IFP [D.E. 3]. In his Motion for IFP, Plaintiff indicated that he received $1,200.00 per month in income from employment, incurred approximately $971.00 per month for his rent, utilities, food, laundry, and transportation expenses, and did not have a spouse or dependents who relied on him for support. *See id.* [D.E. 3 at 2-5]. On January 15, 2014, the undersigned recommended that the Court deny Plaintiff's Motion for IFP because he failed to

demonstrate that he was unable to pay the required filing fee or give security therefor, as required under 28 U.S.C. § 1915(a)(1). *See* Recommendation [D.E. 6]. On February 11, 2014, Plaintiff filed his Amended Motion for IFP on the ground that his employer cut his hours from 40 to 20-28 per week, and that as a result, his monthly earnings have been reduced to $842.00. *See* Am. Mot. for IFP [D.E. 8 at 3, 6]. Further, Plaintiff indicated that he moved in with friends which eliminated some monthly expenses, but that those savings have been offset by increased transportation costs because Plaintiff developed vision problems which precludes him from driving. *See id.* [D.E. 8 at 5-6]. Because the Amended Motion for IFP did not include a signed affidavit in support, on March 10, 2014, Plaintiff filed his Second Motion for IFP including the signed affidavit. *See* Second Mot. for IFP [D.E. 10]. Due to the changes in Plaintiff's financial circumstances since the filing of his initial Motion for IFP, the undersigned finds that Plaintiff now demonstrates his inability to pay the filing fee as required under 28 U.S.C. § 1915(a)(1).

## RECOMMENDATION

In light of the above, the undersigned recommends that the Court grant Plaintiff's Second Motion for IFP [D.E. 10] pursuant to 28 U.S.C. § 1915. The undersigned further recommends that the Court deny as moot Plaintiff's Motion for IFP [D.E. 3] and Amended Motion for IFP [D.E. 8].

**SO RECOMMENDED,** March 13, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).