

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT L. WILCOX,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | NO. 3:14-CV-00079-BF |
| | § | |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br>Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Wilcox ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## Background

Plaintiff alleges that he is disabled due to his impairments including: depression, diabetic retinopathy, asymptomatic human immunodeficiency virus ("HIV"), type one diabetes, and hemophagocytic syndrome. Tr. Rec [D.E. 19-3 at 20]; Tr. Rec [D.E. 19-7 at 193]. After denial of his applications for disability insurance benefits and supplemental security income, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Pl.'s Br. [D.E. 24 at 1]. That hearing was held on August 14, 2012. Tr. Rec at 18. At the time of the hearing, Plaintiff was twenty-four years old. *Id.* at 22. Plaintiff has a high school education and a past working history that includes work as a sales attendant and a stocker. *Id.* at 22. Plaintiff has not engaged in substantial gainful activity at any time since November 23, 2010. *Id.* at 20.

1

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time through the date of her decision on September 21, 2012. *Id.* at 26. The ALJ determined that Plaintiff suffered from the following severe impairments: diabetes mellitus and HIV. *Id.* at 22. The ALJ concluded that Plaintiff's impairments did not meet Listings 9.00 or 14.00. *Id.* at 21. The ALJ further concluded Plaintiff's impairments would not meet or medically equal any other listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 21. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to: lift and carry no more than twenty pounds occasionally and ten pounds frequently, sit no more than six hours in an eight-hour workday, and stand or walk no more than six hours in an eight-hour workday. *Id.* The Plaintiff must avoid work that requires working at unprotected heights, climbing, balancing, or ramps. *Id.* Relying on the testimony of vocational expert ("VE") Calvin J. Turner, the ALJ found that Plaintiff was capable of working as an office helper, clerical library assistant, and an information clerk. *Id.* at 26. The VE testified that Plaintiff could be off task 10% to 15% of the time. *Id.* Plaintiff appealed that decision to the Appeals Council. Pl.'s Br. at 2. The Council denied review. *Id.* Plaintiff then filed this action in federal district court.

Plaintiff seeks reversal of the Commissioner's decision on the following grounds:

(1) The ALJ's step three determination is unsupported by substantial evidence and is legally erroneous;

(2) The ALJ's credibility assessment is unsupported by substantial evidence because the ALJ erred in considering the required factors; and

(3) The ALJ's step five determination is unsupported by substantial evidence because the ALJ relied on vocational testimony elicited in response to an incomplete hypothetical question.

Pl.'s Br. [D.E 24 at 1].

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at

step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Nurse Practitioner Padden's Opinion

Plaintiff first contends that the ALJ's step three determination failed to provide any rationale for the Commissioner's conclusion that Plaintiff's symptoms are insufficiently severe to meet any listed impairment. Pl.'s Br. at 12. Plaintiff contends that the ALJ did not evaluate any of his impairments under the listings and that he meets Listing 14.08, specifically 14.08H, for wasting syndrome. *Id.* at 11, 13. Plaintiff contends that he meets these listings through the findings and opinions of Nurse Practitioner Padden ("Padden"). *Id.* at 13. Padden met with Plaintiff and documented her opinion on April 26, 2011. Tr. Rec. at 566. Padden opined that Plaintiff's HIV was

associated with granulocypenia and HIV wasting syndrome. *Id.* at 365. Padden does not state in the record how she made this conclusion. Further, the record shows that Plaintiff does not meet Listing 14.08H or 14.08K.

In making her disability determination, the ALJ was required to evaluate medical opinions. See 20 C.F.R. § 404.1527(c) ("Regardless of its source, [the agency] will evaluate every medical opinion [it] receive[s]"); *see also* 20 C.F.R. § 404.1513(d)(1) (nurse practitioners are examples of "other medical sources"). Plaintiff's nurse practitioner was not an acceptable medical source and therefore not a "medical opinion." See *Okolie v. Astrue*, No. 4:07-CV-485-Y, 2008 WL 1947103, at *5 (N.D. Tex. May 2, 2008) (holding nurse practitioners are recognized as medical sources, but not "acceptable medical sources"). As a registered nurse, Padden is not an "acceptable medical source," and, as such, her opinions cannot be considered "medical opinions," nor can they establish the existence of a medically determinable impairment. *See Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009) (holding only "acceptable medical sources" can establish the existence of a medically determinable impairment). Therefore, the ALJ was not required to give Padden's opinions any weight because she was not an acceptable medical source. *Hayes v. Astrue*, No. 3:11-CV-1998-L, 2012 WL 4442411, at *3 (N.D. Tex. Sept. 26, 2012); *see also Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988) ("[A] finding of 'no substantial evidence is only appropriate' when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence' present.").

To warrant remand, Plaintiff must show that the alleged error prejudiced his claim. Plaintiff contends he is prejudiced by the ALJ's conclusory analysis in the context of Listing 14.00. Pl.'s Br. at 11. A claimant is prejudiced when the procedural

improprieties "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Wells-Defleice v. Colvin*, No. 3:13-CV-1279-BH, 2014 WL 1670102, at *10 (N.D. Tex. Apr. 25, 2014) (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). Here, the ALJ did not discuss Padden's opinion, but the Court finds that this omission is not reversible error given the context of this case.

The ALJ found that Plaintiff's condition is being treated and as long as he continues to follow his doctor's orders, his condition should remain under control. Tr. Rec. at 22. The ALJ also found that the evidence does not show that Plaintiff is unable to perform basic work related activities as indicated. *Id.* at 22. It is also important that the ALJ found that since Plaintiff has undergone treatment his condition has improved. *Id.* The ALJ found---and the evidence supports the conclusion---that Plaintiff's conditions have improved. *Id.* at 23. Plaintiff was diagnosed with HIV in March 2011 and diabetes in 1999. *Id.* at 23, 524. Dr. Opaleye opined Plaintiff has a CD4 of 400, a blood sugar level of 152, and is currently doing well on his medication. *Id.* at 524; *see also* 20 C.F.R. Part 404, Subpart P, App. 1, § 14.00F(2) ("[A] reduced CD4 count alone does not document the severity or functional consequences of HIV infection"). As further indicated in this opinion, these findings by the ALJ were consistent with the record that Plaintiff's condition was improving and were not severe enough to be considered disabling. *Id.* at 22-23. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), the regulations require only that the Commissioner "apply" the factors and articulate good reasons for the weight assigned to a treating source opinion. This error was harmless and does not justify remand.

## **Listings 14.08H and 14.08K**

A claimant may satisfy his burden of proving disability if he shows that his impairment or impairments meet or equal a listing. 20 C.F.R. § 404.1520(a)(4)(iii), (d). Although an ALJ has a duty to analyze a claimant's impairments under every applicable listing, an ALJ's failure to consider a specific listing is harmless if the record shows such listing is not met. *Cook v. Colvin*, No. 3:12-CV-2073-B, 2014 WL 470873, at *5 (N.D. Tex. Feb. 6, 2014) (citing *Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007)). The Fifth Circuit requires the ALJ to discuss the evidence offered and state the reasons for an adverse determination at step three. *Morgan v. Astrue*, No. 4:07-CV-546-Y, 2008 WL 2645481, at *9 (N.D. Tex. July 2, 2008); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (declining to require that ALJ specifically articulate evidence supporting a credibility finding and discuss the evidence that was rejected). The ALJ is not always required to do an exhaustive point-by-point discussion. *Audler*, 501 F.3d at 448.

The ALJ made her decision under Listings 9.00 and 14.00. Tr. Rec. at 21. The ALJ found that Plaintiff has the following severe impairments: diabetes mellitus and asymptomatic human immunodeficiency virus (HIV) infection. *Id.* The ALJ found Plaintiff has the following non-severe impairments: depression and diabetic retinopathy. *Id.* at 20. The ALJ found that the medical evidence does not support a conclusion that Plaintiff is disabled from all work activity. *Id.* at 22. The ALJ stated the reasons for her adverse determination under step three. *See Id.* at 22-23. Although Plaintiff meets the threshold of 14.00, he does not meet all of the requirements under Listings 14.08H or 14.08K.

An individual with HIV, including one with AIDS, may be found disabled under 14.08 if his or her impairment meets the criteria in that listing or is medically equivalent to the criteria in that listing. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 14.08F. Plaintiff must meet the documentation requirements under 14.00F *and* one of main categories under 14.08A-K. In looking at the record in its entirety, Plaintiff fails to show that the ALJ's decision is unsupported by substantial evidence. The Commissioner does not rebut that Plaintiff meets the documentation requirements of 14.00F. *See* Def.'s Br. at 3-6. Plaintiff contends that he meets 14.08 by having HIV wasting syndrome and repeated manifestations of the HIV infection. Pl.'s Br. at 13. Plaintiff fails to meet the first requirement of 14.08H that he has an involuntary weight loss of 10 percent or more of his baseline (computed based on pounds, kilograms, or body mass index (BMI)). *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 14.08H. Plaintiff was first diagnosed with HIV on November 23, 2010, weighing 58.64 kilograms ("kg"). Tr. Rec. at 408. On March 3, 2011, Plaintiff was treated for a viral illness at Family Health Network of Central New York, Cortland Office weighing 55.00 kilograms. *Id.* at 418. In March of 2011, Plaintiff's weight dropped to 54.8 kilograms. *Id.* at 296. On April 1, 2011 his weight was 58.9 kilograms. *Id.* at 323. By April 29, 2011, Plaintiff's weight was back up to 62.6 kilograms from 57.7 kilograms. *Id.* at 325. At Plaintiff's consultative internal medicine examination on June 29, 2011, Plaintiff weighed 59.87 kilograms. *Id.* at 525. This weight change from a base of 58.64 kilograms does not exceed ten percent. Since Plaintiff fails to meet the first requirement of 14.08H the ALJ did not have to determine its other requirements. *See* 20 C.F.R. § 404.1525(d) (noting that impairment must satisfy all criteria in a listing); *see also Morgan*, 2008 WL 2645481, at *10 (holding even if the

ALJ's explanation were insufficient, remand would be necessary only if substantial rights have been affected).

Plaintiff relies on Padden's note of repeated manifestations of HIV infections, including hemophagotic syndrome, fever, and rash to meet Listing 14.08K. Tr. Rec. at 366. As recognized by the ALJ, Plaintiff has failed to show repeated manifestations of HIV infections with documented signs or symptoms. *Id.* at 23. The Division of Disability Determination referred Plaintiff to Dr. Opaleye for an internal medicine examination of Plaintiff on June 29, 2011. *Id.* at 524. Relying on Dr. Ibraham Opaleye, the ALJ found that Plaintiff had no fever, headache, vomiting or diarrhea. *Id.* 524. Dr. Opaleye found Plaintiff had no acute problems; no acute distress; and only mild limitations with activities requiring fine visual acuity. *Id.* at 23. Dr. Opaleye also diagnosed Plaintiff with HIV, diabetes, and diabetic retinopathy. *Id.* at 527. Plaintiff does not dispute Dr. Opaleye's findings. Pl.'s Br. at 8. Under 14.08K, Plaintiff must have repeated manifestations of these symptoms. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 14.08K (". . . resulting in significant, documented symptoms or signs (for example, severe fatigue, fever, malaise . . . nausea, vomiting, headaches, or insomnia)). It was within the ALJ's discretion to find that the Plaintiff's intensity, persistence, and limiting effects of these symptoms were not credible when looking at the record as a whole. The ALJ also found that Plaintiff has no current symptoms and most of his physical exam findings have been within normal limits. Tr. Rec. at 23. After March of 2011 Plaintiff has no records of fever, severe fatigue, malaise, involuntary weight loss, insomnia, pain, night sweats, vomiting, or headaches. *Id.* at 323, 353, 524. Plaintiff does not meet any of the Listings in 14.00 and therefore the ALJ did not commit prejudicial

error. The ALJ sufficiently identified the rationale underlying his adverse finding at step three, and thus Plaintiff has not demonstrated that he suffered substantial prejudice as a result of any alleged deficiencies in the ALJ's discussion.

Further, substantial evidence supports the ALJ's ultimate determination that Plaintiff is not disabled because he is capable of performing light/sedentary, unskilled occupations. Tr. Rec. at 25. At the hearing, the VE testified that Plaintiff can perform occupations such as an office helper or a clerical library assistant. *Id.* at 48. There is no evidence that any of Plaintiff's treating physicians restricted Plaintiff from performing light or sedentary work-related activities, and Plaintiff's own reports of his activities of daily living are not inconsistent with light or sedentary work. *See id.* at 24. Given the record in this case, there is no realistic possibility that ALJ would have reached a different result. Accordingly, the ALJ's decision does not require remand.

### The ALJ's Determination of Claimant's Credibility

Plaintiff contends that the ALJ wrongly discounted his credibility. Pl.'s Br. at 14. The ALJ concluded that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible because they were inconsistent with the RFC assessment. Tr. Rec. at 23. The ALJ found that Plaintiff remains highly functional. *Id.* at 24. Plaintiff reported to Dr. Opaleye that he performed several activities including, but not limited to: watching TV, listening to the radio, going out to the store; cooking; cleaning; shopping; taking care of his personal hygiene; living with friends; and taking care of a pet. *Id.* The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Strempel v. Astrue*, 299 F. App'x 434, 438 (5th Cir. 2008) (quoting *Scott v. Heckler*, 770 F.2d 482,

485 (5th Cir. 1985)). The ALJ was entitled to discount the Plaintiff's testimony at the hearing and contrast it with the activities Plaintiff described to his treating doctors and the State Agency's examiner. The Fifth Circuit has held "it is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence." *Strempel*, 299 F. App'x at 439. Here, the ALJ considered Plaintiff's claims and exercised her proper discretion based on substantial evidence.

### The ALJ's Step Five Determination

Plaintiff contends that due to the ALJ's errors in evaluating the HIV listing and in evaluating Plaintiff's credibility, the hypothetical question asked to the VE was incomplete. Pl.'s Br. at 16. At the hearing the VE testified that if a person was off task more than 10% to 15% of the time this person would not be able to maintain employment because there would be no occupational base. Tr. Rec. at 49. Plaintiff asserts that this testimony coincides with the opinion of Nurse Practitioner Padden, and the ALJ's failure to consider this evidence from Padden effected the assessment of Plaintiff's ability to work. Pl.'s Br. at 16.

A hypothetical question to a VE cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct deficiencies in the question. See *Boyd*, 239 F.3d at 706–07; *Bowling*, 36 F.3d at 436. Since the ALJ was not required to consider Padden's opinion because she is not an acceptable medical source, the ALJ could place great weight on Dr. Opaleye's opinion. The hypothetical question was not incomplete because the ALJ did not find one of Plaintiff's disabilities as severe. The

hypothetical question reasonably incorporated Plaintiff's disabilities. The three hypotheticals posed by the ALJ dealt with Plaintiff's visual acuity, which as Dr. Opaleye determined was only a mild limit for activities requiring fine visual acuity, and Plaintiff conceded that stronger eyeglasses could improve his vision. Tr. Rec. at 21, 47. Plaintiff's diagnosis of diabetic retinopathy in 2011 was found as a non-severe impairment. *Id.* at 21. Regardless of the testimony of the VE about a person being off task 10% to 15% of the time, the ALJ still found Plaintiff had a RFC for the full range of light work. The ALJ did not find Plaintiff's deficiencies in concentration, persistence, or pace of such severity to be disabling. The ALJ found that Plaintiff's complaints of these symptoms to be inconsistent with the RFC. *Id.* at 23. The ALJ considered and agreed with Dr. Opaleye's finding that Plaintiff had only "mild limitations with activities requiring fine visual acuity." *Id.* The Fifth Circuit has specified "the holding in *Bowling* stated only that an ALJ may not rely on a hypothetical without giving the claimant an opportunity to correct deficiencies in the question. It *did not* state that a party's failure to point out the problems in a defective hypothetical automatically salvages that hypothetical as a proper basis for a determination of non-disability." *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (citing *Bowling*, 36 F.3d at 436) (emphasis added). Here, Plaintiff had the opportunity to correct any deficiencies in the hypothetical and presented them to the ALJ. The ALJ took these into consideration in her findings. Tr. Rec. at 26. Consistent with the holding in *Bowling,* the ALJ incorporated all of Plaintiff's disabilities in her decision and did not commit error.

## Conclusion

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 28 day of June, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE